IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MONICA GUERRERO AND | § | |
| ALEC AUSTIN GONZALEZ | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:18-CV-00182 |
| vs. | § | |
| | § | |
| BROWNSVILLE INDEPENDENT SCHOOL | § | |
| DISTRICT | | |
|     Defendant | | |

DEFENDANT BROWNSVILLE INDEPENDENT SCHOOL DISTRICT'S
MOTION FOR SUMMARY JUDGMENT
IN THE UNITED STATES DISTRICT COURT

    COMES NOW, Defendant Brownsville Independent School District (hereinafter BISD or District), and files this its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and in support would show the Court as follows:

A. INTRODUCTION

    1.  Plaintiff Monica Guerrero (hereinafter Guerrero) is the mother of Plaintiff Alec Austin Gonzalez (hereinafter Gonzalez). Plaintiffs sued the Brownsville Independent School District claiming Plaintiff Gonzalez was sexually assaulted by a female teacher when he was a student at Hanna Early College High School in Brownville, Texas.

    2. Plaintiffs allege their Fourteenth Amendment federal constitutional rights were violated because "there is a pattern and practice at BISD for students to have sex with their teachers." Plaintiffs further claim Defendant failed to adequately train its employees. (See Plaintiffs Original Petition, Paragraphs 38 & 39).

    3. Plaintiffs also advance a claim of Sexual Harassment and Discrimination under Title IX that claims Defendant was deliberately indifferent to Plaintiffs federally guaranteed rights.

    4. Finally, Plaintiffs advance common law claims of civil conspiracy, breach of fiduciary duty, conversion, negligent hiring & retention and *respondeat superior*.

    5. Defendant BISD specifically denied Plaintiffs claims and files this Motion for Summary Judgment on the basis it is entitled to judgment on its affirmative defense of Sovereign Immunity.

## B. STATEMENT OF FACTS

6. On or about December 14, 2016, Officer Manuel Alcala with the Brownsville Independent School District Police Department contacted Investigator Patrick Gabbert also with the BISD Police Department, and informed him that "several male students were communicating with a female Hanna High School Teacher identified as Pricilla Casas and having an improper relationship with educator." (See Exhibit 1, paragraph 1; Affidavit for Search Warrant by Investigator Patrick Gabbert). According to Investigator Gabbert, a student reported she heard teacher Casas flirts with male students. (Exhibit 1, Paragraph 2). Investigator Gabbert also read a statement that indicated Plaintiff Alec Gonzalez was sexting with Teacher Casas. (Exhibit 1, paragraph 3).

7. As part of his investigation, Detective Gabbert obtained the statement of teacher Diego Garcia who stated he walked into Pricilla Casas' classroom and saw Casas and Plaintiff Alec Gonzalez standing in close proximity to each other. Mr. Garcia further stated it appeared as if "something had happened or was about to happen. (Exhibit 1, Paragraph 4).

8. According to Investigator Gabbert, he believed the phone belonging to Plaintiff Alec Gonzalez contained evidence of an improper relationship between Educator and Student and tried to obtain consent to inspect its contents. (Exhibit 1; Paragraph 7). He contacted Plaintiff Monica Guerrero, the mother of Plaintiff Alec Gonzalez who told him "she would not be willing to give this investigator written consent to search Alec Austin Gonzalez's cell phone…" (Exhibit 1; Paragraph 6). He had previously asked Plaintiff Alec Gonzalez for permission to access text on his phone which was similarly denied. (See Exhibit 2, Deposition of Plaintiff Alec Gonzalez; page 82-83). As a result of Plaintiff's failure to cooperate, Investigator Gabbert was forced to seek a search warrant to access the information in Plaintiff Gonzalez's phone. (Exhibit 1)

9. After obtaining the Search Warrant, Investigator Gabbert with the help of Homeland Security, was able to retrieve the contents of Plaintiff Gonzalez's phone. In his case report, Investigator Gabbert was able to determine that in fact Plaintiff Gonzalez was communicating with teacher Pricilla Casas. In his review of the text messages, Investigator Gabbert noted the text messages between Casas and Gonzalez "were flirtatious and sexual in nature." (See Exhibit 3; Investigator Case Narrative, paragraph 8).

10. In addition to conducting his own investigation, Investigator Gabbert contacted the Texas Department of Family and Protective Services; Child Protective Services Division (CPS). According to the CPS Contact Log Narrative, two case agents went to Hanna High School to conduct a school investigation. (See Exhibit 4; 1/6/2017 Intake Report and Contact Log Narrative, Child Protective Services). On January 5, 2017 the agents met personally with Alec Gonzalez. According to the report, "[t]he child refused to speak to us and mention (sic) that he rather had his mother present as well as their attorney." (Exhibit 4; paragraph 5).

11. Without the assistance of Plaintiffs, CPS concluded its investigation and determined; "[w]e will not be offering services to the family at this time." (See Exhibit 5; 3/13/2017 letter from TDFPS investigator Maria R. Ramirez). BISD Police reached a similar conclusion and

decided the "[c]ase will be disposed of at the School Administrative level due to lack of cooperation on behalf of victim Alec Gonzalez and his parents. Case is inactive…." (See Exhibit 6; Investigator Report).

12. As stated in Paragraph 1, on December 14, 2016, the BISD Police Department began an investigation of a possible inappropriate relationship between a student and educator. On the same day, the administration at Hanna High School began their own investigation into this matter. The Assistant Principal obtained a statement from Plaintiff Alec Gonzalez. According to Plaintiff Gonzalez:

> "I visit my teacher almost every day and say hello ask her about her day. See how she's doing and pat/massage her. I stay in her class almost every lunch. No immature or inappropriate going on I just think of her as a close friend. I've known her for 2 years, and consider her a good friend who I can talk to and ask and get advice from. I have her cell # but we do not talk through text or call." (See Exhibit 7; 12/14/16 Statement from Alec Gonzalez).

13. Also on that day, Hanna administrators obtained a statement from teacher Pricilla Casas. Like Plaintiff Gonzalez, Casas also denied any impropriety between her and Plaintiff. According to Casas: "I am never alone with the student in question during this time. We have never had inappropriate communication either by phone or in person. We have never met up after school hours in any location or at any time." (See Exhibit 8; 12/14/16 Statement from Pricilla Casas).

14. Despite the fact both Plaintiff Gonzalez and teacher Pricilla Casas denied having an inappropriate relationship, the District decided to Place Casas on Administrative Leave pending the completion of an investigation of alleged inappropriate professional conduct. (See Exhibit 9; 12/15 16 letter placing Pricilla Casas on Administrative Leave with Pay).

15. On or about March 8, 2017, Investigator Patrick Gabbert was able to retrieve cell phone messages between Plaintiff Alec Gonzalez and Pricilla Casas that confirmed an inappropriate teacher/student relationship. (See Exhibit 3). Even though both the Police Department and CPS closed their cases for lack of cooperation from the Plaintiffs, on April 26, 2017, Hanna High School Principal Norma Ibarra Cantu Recommended the termination/non-renewal of Pricilla Casas' employment with BISD. (See Exhibit 10; Recommendation for Termination/Non-renewal). On May 5, 2017, the recommendation for her non-renewal was presented and approved by the District's Board of Trustees. (See Exhibit 11; Agenda Item on Recommendation for the Non-Renewal of Teacher Pricilla Casas).

16. On November 9, 2016, Plaintiffs sued the District as a result of the relationship between Plaintiff Gonzalez and Pricilla Casas. In addition to the legal causes of action Plaintiffs claim the District failed to contact the Plaintiffs regarding the investigation, failed to contact CPS and were aware of other illicit relationships had by Pricilla Casas. BISD denies the claims and files this its Motion for Summary Judgment in response.

C. ARGUMENT AND AUTHORITIES

17.  Defendant Brownsville Independent School District seeks summary judgment and would show the Court as follows:

18.  The Court should grant Defendant's Motion for Summary Judgment if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party satisfies its burden by demonstrating the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrell,* 477 U.S. 317, 324.

19. In this case, Plaintiff advances separate causes of action for a Section 1983 claim, Title IX sexual harassment and common law claims for civil conspiracy, breach of fiduciary duty, conversion, negligent hiring and retention, as well as claims of *respondeat superior*. Defendant will address each of the claims of retaliation separately.

### a. Elements and Burden of Proof in a §1983 claim

20.  Plaintiffs allege "there is a pattern and practice at BISD for students to have sex with their teachers" and the District is aware of these policies, customary practices and patterns and failed to protect Plaintiff. Plaintiffs further allege the District was personally and directly involved in the violation of Plaintiff civil rights because they were responsible for **municipal** policies related to the selection of their employees. Finally, Plaintiffs claim the District failed to train its employees including Pricilla Casas, teacher Diego Garcia and the Police Investigator Patrick Gabbert.

21. Plaintiffs attempt to impose liability on Defendant for the actions of Pricilla Casas. Liability may not be imposed on school districts under a theory of vicarious liability or *respondeat superior. Collins v. City of Harker Heights,* 503 U.S. 115, 112 S. Ct. 1061, 1066. Instead, a plaintiff must show the existence of a policy or custom attributable to the school district which was the "moving force" behind the deprivation of constitutional rights. *Monell v. Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). A plaintiff must establish that the alleged constitutional injury was caused by the execution of an official policy, toleration or approval by some person or entity that has final policy making authority for the school district. *Gonzalez v. Ysleta I.S.D.* 996 F.2d at 753-54. Although the complaint alleges there is a pattern and practice of students at BISD having sex, and that the District is aware of these policies and customs, in reality when Plaintiff was asked:

Q. Going on to page 8, on paragraph 38, towards the end, the next page, "There is a pattern and practice at BISD for students to have sex with their teachers." Can you name any other student that had sex with a BISD teacher?

A. No.

Q. Does your mom know of other students that had sex with a teacher?

A. No.  (See Exhibit 2, Deposition of Plaintiff Alec Gonzalez, page 100).

22.  As stated, liability under § 1983 for a policy or custom can only attach if the plaintiff can show deliberate action attributable to the school district itself, and that such action is the moving force behind the violation of the protected rights. *Bd. Of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 117 S.Ct. 1382 at 1386 (1997). In this case, there is no policy or custom, in fact or practice, that condones an inappropriate student teacher relationship.

23. With regards to the duty to supervise or a failure to supervise in the context of a 1983 claim, Plaintiffs have not shown any policy or custom that makes it liable in this case either. Rather, the evidence in this case shows Plaintiff Alec Gonzalez was having a clandestine relationship with his teacher contrary to District policies and procedures. The District first learned of the relationship when it was reported by another student. (See Exhibit 1). The District immediately started an investigation by interviewing witnesses, (including Plaintiff Gonzalez) and reporting it to the appropriate state agencies. (See Exhibits 1, 4 & 8). The District responded appropriately and Plaintiff has not shown Plaintiffs alleged injuries were caused by policy or custom. More importantly there is no evidence that such policies that condoned a lack of supervision were the "moving force" behind Plaintiffs' alleged constitutional violations. *Id.*

**b. Elements and Proof in a Title IX Sexual Harassment case.**

24. In *Gebser v. Lago Vista I.S.D.* 524 U.S. 274, 118 S.Ct. 1989, (1998), the Supreme Court affirmed the Fifth Circuit's holding that school districts are not liable in tort for teacher-student sexual harassment under Title IX unless an employee who has been invested by the school board with supervisory power over the offending employee actually knew of the abuse, had the power to end the abuse, and failed to do so." *Id.* at 1994. (quoting *Doe v. Lago Vista I.S.D.,* 106 F. 3d 1223, 1226 (5th Cir. 1997)). The *Gebser* Court further held it would frustrate the purposes of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment based on principals of *respondeat superior* or constructive notice, i.e., without actual notice to a school district official. *Gebser* at 1997. The *Gebser* court further held that in cases like this one that do not involve official policy of the recipient entity, we hold that a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond. *Id.* at 1999.

25. Following the Supreme Court's decision in *Gebser,* plaintiffs seeking damages for a teacher's sexual harassment of a student must show that (1) an employee of a federal funding recipient with supervisory power over the alleged harasser (2) had actual knowledge of the harassment and (3) responded with deliberate indifference.  *Gebser,* 118 S.Ct. at 1999.

26. Applying the facts to the law in this case, according to Investigator Gabbert, officials at Hanna High School learned of the alleged inappropriate relationship when a student reported she heard teacher Casas flirts with male students. (See Exhibit 1).  Plaintiff Gonzalez and Casas

both denied any inappropriate relationship. (See Exhibits 7 & 8). Despite the denial, Casas was immediately placed on Administrative leave by the Superintendent of Schools. (See Exhibit 9). Ultimately, the Principal, (Plaintiff's direct supervisor), submitted a recommendation for Casas' non-renewal. (See Exhibit 10). It is undisputed, when the District learned of the relationship it took quick and decisive action to curtail the harassment when it was discovered.

27. Following *Gebser,* the Supreme Court once again examined harassment under Title IX and held that a funding recipient that does not engage in harassment directly may not be liable for damages unless its deliberate indifference subjects its students to harassment. *Davis Next Friend LaShonda D. v. Monroe County Board of Education,* 526 U.S. 629, 119 S.Ct. 1661 (1999). The Court explained that the "deliberate indifference must, at a minimum, cause [students] to undergo harassment or make them liable or vulnerable to it. *Davis*, 119 S.Ct. at 1672. Thus, it is not the harassment itself that constitutes the Title IX violation but, instead the deliberate failure to curtail know harassment. *Id.* As demonstrated, in this case, the District took swift and decisive steps to curtail the harassment and there is no evidence of "deliberate indifference" on the part of BISD.

### c. Common Law Causes of Action

27. Plaintiff asserts claims for civil conspiracy, breach of fiduciary duty, conversion, and negligent hiring & retention. School Districts in Texas retain their sovereign/governmental immunity from all common law claims unless the Texas Legislature has expressly waived immunity in a specific statute. *Mission Consolidated I.S.D. v. Garcia,* 253 S.W. 3d 653, 655 (Tex. 2008). The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities. *Id.* Under the TTCA, the only permissible tort claim against a school district is a claim based on misuse of a motor vehicle. Tex. Civ. Prac. & Rem. Code §§101.001 and 101.051. Because Plaintiffs have neither alleged nor argued that any of the common law claims that they have asserted in this action are claims for which the Texas Legislature has waived BISD's sovereign immunity, Plaintiff's common law claims should be dismissed.

### d. Claims for Monica Guerrero

28. Plaintiff Monica Guerrero is the mother of Plaintiff Alec Gonzalez. Ms. Guerrero did not suffer any personal damages and does not have standing to pursue any individual claims. Specifically, Plaintiff Guerrero did not have any out of pocket expenses as a result of this claim. In her deposition, she testified she saw a psychologist but did not pay any money.

p. 38 line 13; Q. The three sessions, did you have to pay anything?

p. 38 line 14; A. No.

p. 38 line 15; Q. Was there a co-pay?

p. 38 line 16; A. No.

p. 38 line 24; Q. And you told me you didn't lose any money as a result of missing work, correct?

p. 39 line 1; A. No, because I have vacation and sick time.

p. 39 line 2; Q. Let's talk about Alec. Did you have to pay for any therapy for Alec?

p. 39 line 4 A. Alec refused to go get anything.  I wanted him to, though.

p. 39 line 6; Q. So has it cost you any money? Have you had to pay for anything?

p. 39 line 8; A. Right now, no.

(Exhibit 12; Deposition testimony of Monica Guerrero).

Finally, Plaintiff Gonzalez was the age of majority when he filed this claim and Plaintiff Guerrero may not recover on her own account or on behalf of her child.

### D. CONCLUSION AND PRAYER

29.  For the reasons stated above, Defendant is entitled to summary judgment on all of Plaintiffs' claims.  Defendant respectfully prays that the Court grant summary judgment in favor of the District and dismiss this Complaint with prejudice.

Respectfully submitted,

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**
1900 Price Road
Brownsville, Texas 78521
956/698-6379, Telephone
956/548-8115, Facsimile
miguelsalinas@bisd.us


BY:   */s/ Miguel Salinas*
**MIGUEL SALINAS**
State Bar No. 17534750


**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 18, 2020, I electronically filed a true and correct copy of the above and foregoing Defendant Brownsville Independent School District's Motion for Summary Judgment using the CM/ECF system, which sends notification of such filing to the following Attorney of Record:

Star Jones
Law Office of Star Jones
P.O. Box 1179
Olmito, Texas 78575

Angela Nix
Law Office of Angela Nix
955 E. Madison
Brownsville, Texas 78520

               _/s/ Miguel Salinas_____
               Miguel Salinas